In the Matter of the Claim of EDWARD A. PUDSEY, Respondent, against NEW YORK CENTRAL RAILROAD COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the Special Fund for Reopened Cases from findings and decisions of the Workmen's Compensation Board dated July 15, 1947, and August 11, 1947, awarding the claimant compensation for total disability to December 5, 1946, totaling $6,878.85, with payments to continue. The claimant was employed as a machinist by the Boston and Albany Railroad Company, which was succeeded by the New York Central Railroad Company, at its railroad yard at Selkirk, New York. On March 15, 1930, he was assigned to repair a broken pipe on a locomotive which had been taken to the enginehouse in the yard. At about 8:00 P.M., while turning the broken pipe, the wrench which he was using slipped. The claimant lost his balance and was thrown against a lever, which lever shattered his eyeglasses and a piece of glass entered his right eye. As a result of said accidental injury the claimant sustained a punctured eyeball and cuts above and below the eyeball. The evidence reveals that the engine under repair was used in both interstate and intrastate operation. On the day of the accident the locomotive, which had hauled a freight train from Springfield, Mass., to the railroad yard at Selkirk, New York, had been cut off from the freight cars and brought into the enginehouse for repairs. The fires were dumped and there was no steam up; the engine was dead. In consequence of said repairs it had been withdrawn from interstate commerce and at the time of said repairs was not an instrumentality of interstate commerce. The employee injured in making said repairs was, therefore, entitled to State compensation (*Matter of McGowan* v. *New York Central R. R. Co.*, 265 App. Div. 272, 274; *New York, New Haven & Hartford R. R. Co.* v. *Bezue*, 284 U. S. 415). The board found that " At the time Edward A. Pudsey sustained the accidental injuries herein above referred to, he was not engaged in interstate commerce, or in any work so closely related thereto as to be a part thereof; but was engaged in an employment covered by the Workmen's Compensation Law at the time of said accident. At the time of said accident, the engine upon which Edward A. Pudsey was working was withdrawn from interstate service, was a dead engine, the fires of which had been dumped. There was no steam and hardly any gas. At the time the said engine was incapable of movement." The evidence sustains the findings and decisions of the board. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ. [See 274 App. Div. 831.]